# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-075-RLV-DCK

| | |
|---|---|
| AMBER A. TRIPLETT, | ) |
| Plaintiff, | ) |
| v. | ) **PROTECTIVE ORDER** |
| NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, | ) |
| Defendant. | ) |

The discovery process in this action may involve the production of information (which term includes data or data compilations in the form of documents, electronic media, testimony, or any other form or medium) that a party contends is confidential. Good cause exists for the entry of a protective order limiting the disclosure of such information. Pursuant to Fed. R. Civ. P. 26(c), it is ORDERED as follows:

1. Scope of the Order. This Order applies to all information produced in discovery, filed, or otherwise presented in the course of the prosecution or defense of this action, provided that the presiding judicial officer shall determine the procedure for presentation of Confidential Information at pre-trial hearings and trial.

2. Use of Confidential Information. All Confidential Information, as defined in this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pretrial, trial, and post-trial proceedings in this action, and shall not be used or disclosed by any person for any other purpose.

3. Disclosure. "Disclose" or "disclosure" means to provide, impart, transmit, transfer,

convey, publish, or otherwise make available.

4. Confidential Information. "Confidential Information" consists of "General Confidential Information" and "Attorneys' Eyes Only Confidential Information," which are defined as follows:

a. "General Confidential Information" means:

1) The personnel file, as that term is defined in N.C.G.S. § 126-22(3), maintained by the North Carolina Department of Public Safety ("DPS") of any current or former employee of the DPS, excluding personal information about the employee as described in Paragraph 4.b(l ).

2) The medical and mental health records generated in the treatment or handling of any inmate during their incarceration within the NCDPS which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

3) Records generated in the housing and handling of inmate's during their incarceration within the NCDPS, including video recordings, which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

4) Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)( 1) of the Rules of Civil Procedure.

5) Reports of, investigations into, and any findings regarding alleged incidents of sexual harassment by any current or former inmate against Plaintiff or anyone other than the named Plaintiff.

6) Medical and mental health records or Plaintiff.

7) Financial records and documents pertaining to Plaintiff s financial

and/or economic damages.

      b. "Attorneys' Eyes Only Confidential Information" means:

          1) Personal information about any current or former employee of the DPS that is not related to the employee's job performance or duties, such as social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information.

          2) The medical and mental health records maintained by the DPS for current or former inmates of the DPS.

          3) Reports of, investigations into, and any findings regarding alleged incidents of sexual abuse by DPS staff against anyone other than the named Plaintiff, except those reports of such conduct made against any named Defendant.

          4) Highly sensitive security information as it relates to investigations, security designations, staffing patterns and logs, schematic or other drawings and diagrams, and other sensitive security information.

    5. Disclosure of General Confidential Information. General Confidential Information shall not be disclosed to anyone except:

    a. The court and its personnel;

    b. The parties to this action;

    c. Counsel for the parties to this action and employees of said counsel;

    d. **Experts or consultants** specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at

the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

    e.    Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

6. Disclosure of Attorneys' Eyes Only Confidential Information. Attorneys' Eyes Only Confidential Information shall not be disclosed to anyone except:

    a.    The court and its personnel;

    b.    Counsel for the parties to this action and employees of said counsel;

    c.    Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

    d.    Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

7. Confidentiality Agreements. Before Confidential Information is disclosed to any person described in Paragraphs 5(d) or 6(c) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. Counsel for the party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and need not produce it except by agreement of the parties or upon order of the court.

8. Designation of Confidential Information. Information shall be designated as Confidential Information in the following manner:

a. In the case of information reduced to paper form, the designation shall be made:

(1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for General Confidential Information or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" for Attorneys' Eyes Only Confidential Information, on each page containing such information or;

(2) by such other means as agreed to by the parties. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure. A party may make the designation with respect to information disclosed by another party by a writing directed to the producing party's counsel. The producing party's counsel shall then be responsible for labeling the designated information as provided herein.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information or Attorneys' Eyes Only Confidential Information:

(1) by informing counsel for the parties to this action in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or;

(2) by such other means as agreed to by the parties. To the extent practicable, such physical medium should also be labeled using the appropriate

legend. Any party receiving Confidential Information designated under this Paragraph 8(b) shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

    c.    In the case of deposition testimony, any party may designate information disclosed during a deposition as General Confidential Information or Attorneys' Eyes Only Confidential Information by either:

    (I)    identifying on the record at the deposition the information that is to be treated as Confidential Information or;

    (2)    marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript. When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a deposition shall be treated as Attorneys' Eyes Only Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 8(a), and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

    d.    Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on counsel for the other parties. The notice

shall, where applicable, specify by Bates or other page number the particular information being designated.

9. Disputes over Designations. If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

10. Inadvertent Disclosure of Confidential Information. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

11. Filing of Confidential Information Under Seal. Before filing a document containing any Confidential Information, the filing party must confer with the other parties about how the document should be filed. If the filing party decides that the document should be sealed, the filing party shall file the document along with a motion to seal and supporting memorandum showing that the document may properly be sealed (see, e.g., Stone v. University of Maryland Medical System Corp., 855

F.2d 178, 180-81 (4th Cir. 1988)), as provided in Local Civil Rule 6.1. If a party other than the filing party seeks to have the document sealed, the filing party shall file the document as a proposed sealed document. But instead of a motion to seal and supporting memorandum, the filing party shall file contemporaneously with the document a notice stating that, pursuant to this Paragraph 11, any party seeking the sealing of the document must within 7 days file a motion to seal and supporting memorandum as provided in Local Civil Rule 79.2 or the document will be unsealed by the Clerk without further order of the court.

12. Authors/Recipients. Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

13. Return of Confidential Information. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief from this Paragraph 13 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the 60-day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require

the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the court shall be governed by Local Civil Rules 6.1 or 79.1.

14. Admissibility of lnformation. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

15. Confidential Employee Information. Pursuant to N.C.G.S. § 126-24(4), this Order authorizes the disclosure of confidential portions of the personnel files maintained by the DPS- DAC of current or former employees in accordance with the terms of this Order.

16. Modification. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

SO ORDERED.

Signed: August 5, 2016

David C. Keesler
United States Magistrate Judge