# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:15-CV-00075-RLV-DCK

| | |
|---|---|
| AMBER A. TRIPLETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>PUBLIC SAFETY, )<br>)<br>)<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on supplemental briefing regarding whether Plaintiff Amber A. Triplett's Amended Complaint (Doc. 3) raises a claim for relief under Title VII of the Civil Rights Act of 1964 for retaliation. After considering the requested supplemental briefs (Docs. 29, 30), the Court concludes that Plaintiff's Amended Complaint does not raise a claim for relief for retaliation but that permitting Plaintiff the opportunity to file a Second Amended Complaint is appropriate under Fed. R. Civ. P. 15(a)(2). Plaintiff shall have up to and including March 22, 2017 to file a second amended complaint.

## I.  BACKGROUND & PROCEDURAL HISTORY

Plaintiff Amber A. Triplett filed an Amended Complaint seeking relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* (Doc. 3). Plaintiff's Amended Complaint included two labeled claims for relief, the first for "sex discrimination"

1

and the second for "hostile work environment." *Id.* at 5-6. Although Plaintiff's Amended Complaint did not include a claim for relief labeled as sounding in retaliation, the "facts" section of the complaint contained allegations that hinted at a claim for retaliation. *Id.* at 5. Specifically, paragraphs twenty-two through twenty-four of the Amended Complaint stated:

> 22. Plaintiff believes that she was retaliated against because of the frequent reports she filed of the above incidents.
>
> 23. She was called in on her performance and written up for unprofessional conduct which she perceived to be solely retaliatory for the reports she filed.
>
> 24. She was told on several occasions that she needed to leave the Segregation Unit or find another job, she believes, in retaliation for the reports she filed regarding the inmates' behavior.

*Id.* Through discovery, Defendant probed the facts underlying Plaintiff's allegations of retaliation, inquiring about the allegations both through interrogatories and during Plaintiff's deposition. (*See* Doc. 18-5 at 55-65; Doc. 30-1 at 5). Furthermore, in response to Defendant's interrogatories about the "legal bases" of her claims, Plaintiff stated that her "claims are grounded in Title VII's prohibition on discrimination based upon gender and retaliation for complaining of the same." (Doc. 30-1 at 6, 11).

Following the close of discovery, Defendant filed a motion for summary judgment. (Doc. 17). In a memorandum supporting the motion for summary judgment, Defendant suggested that Plaintiff's Amended Complaint did not raise a claim for retaliation but went on to argue that Plaintiff's claim for retaliation should be dismissed because Plaintiff failed to exhaust her administrative remedies as to the claim for retaliation. (Doc. 18 at 5-13). In her responsive filing, Plaintiff did not address Defendant's suggestion that her Amended Complaint failed to raise a claim for retaliation. (*See* Doc. 23 at 18-22).

2

Addressing Defendant's exhaustion of administrative remedies argument, the Court concluded that the viability of any retaliation claim raised in the Amended Complaint hinged on when the alleged retaliatory conduct occurred in relation to Plaintiff's filling of her first complaint with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 26 at 6-11). Viewing the evidence in the light most favorable to Plaintiff and noting that Defendant "has the burden of proving the affirmative defense of failure to exhaust administrative remedies," the Court concluded that dismissal on the grounds argued by Defendant was not appropriate because it was possible that some or all of the alleged retaliation occurred after Plaintiff filed her first EEOC complaint. *Id.* at 10-11 (internal quotation marks omitted).

The Court, like Defendant, nonetheless, questioned whether Plaintiff's Amended Complaint raised a claim for relief for retaliation. *Id.* at 11-12. However, because the issue was not squarely addressed in the summary judgment submissions, the Court, rather than dismissing any potential claim for retaliation, ordered supplemental briefing. *Id.* at 12. In its supplemental brief, Defendant argues that Plaintiff's Amended Complaint fails to properly plead a cause of action for retaliation and that the two allegations of retaliation in the Amended Complaint cannot sustain a claim for retaliation because neither alleged act of retaliation rises to the level of an adverse employment action. (Doc. 29 at 1-7). In response, Plaintiff argues that (1) her Amended Complaint placed Defendant on notice regarding her intent to raise a retaliation claim, as evident by Defendant's discovery efforts; (2) the Amended Complaint contains allegations supporting the essential elements of a retaliation claim; and (3) the alleged acts of retaliation occurred after the filing of her EEOC complaint. (Doc. 30 at 1-10). In the

3

alternative, Plaintiff argues that if her Amended Complaint does not satisfy Fed. R. Civ. P. 8(a)'s pleading standard with respect to the retaliation claim, she should be granted leave to file a second amended complaint. *Id.* at 2-3.

## II. DISCUSSION

### A. Sufficiency of Pleading

Under Fed. R. Civ. P. 8,

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). One of the purposes of Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" is to "'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy this notice requirement and meet the pleading standard imposed by Fed. R. Civ. P. 8(a), "'the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.'" *Id.* (brackets and ellipsis omitted) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Furthermore, a complaint styled and organized in such a manner that "it is virtually impossible to know which allegations of fact are intended to support which claims for relief" will not satisfy the fair notice requirement imposed by Rule 8(a). *Jackson v. Warning*, 2016 WL 520947, at *3 (D. Md. Feb. 5, 2016) (internal quotation marks omitted). Specific to complaints raising claims for relief under Title VII, a single count presenting

4

claims for both discrimination and retaliation is "needlessly confusing" and potentially not in compliance with Fed. R. Civ. P. 8(a) because Title VII creates varying theories of liability that do not share the same elements and that are reviewed for sufficiency based on different factors, tests, and standards. *See Jiggetts v. District of Columbia*, ___ F.R.D. ___, 2017 WL 149951, at *7 (D.D.C. Jan 13, 2017).

Having reviewed Plaintiff's Amended Complaint and the supplemental briefs, the Court concludes that the Amended Complaint fails to provide Defendant fair notice of an intent to raise a claim for relief for retaliation. Although the Amended Complaint contains two factual allegations of conduct Plaintiff contends was undertaken in retaliation for her complaints of sex discrimination, the two claims for relief appearing in the complaint are labeled "sex discrimination" and "hostile work environment," both viable legal theories under Title VII. To that point, the Amended Complaint is devoid of any claim of relief labeled retaliation. Because retaliation is a separate theory of liability under Title VII that has different elements than claims for sex discrimination and hostile work environment and is judged by a standard distinct from the standards governing the sufficiency of claims for sex discrimination and for hostile work environment, a reasonable defendant reading Plaintiff's Amended Complaint on the whole would be unlikely to conclude that the complaint sought to advance an independent claim for relief based on retaliation or sought separate and additional damages for retaliation. This is particularly true where Plaintiff's allegations of retaliatory conduct appear to support the two labeled claims in her Amended Complaint. Accordingly, Plaintiff's Amended Complaint, in its present form,

would not result in the Court giving a jury instructions on a claim for relief under Title VII for retaliation.[1]

B. Leave to Amend

A plaintiff may amend her complaint as a matter of course within twenty-one days of the defendant filing its answer. Fed. R. Civ. P. 15(a)(1). After the twenty-one-day period elapses, plaintiff must obtain written consent from the defendant or leave from the court before she can amend her complaint. Fed. R. Civ. P. 15(a)(2). Where a plaintiff seeks leave from the court to file an amended complaint, "[t]he court should freely give leave when justice so requires." *Id.* The interests of justice are not, however, served "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted). "Whether an amendment is prejudicial is often determined by the nature of the amendment and its timing." *Id.* at 427. An amendment is likely to prejudice the defendant if it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." *Id.* (brackets and internal quotation marks omitted).

---

[1] Because the Court concludes that the Amended Complaint does not properly raise a claim for relief based on retaliation, the Court finds it unnecessary to determine whether the factual allegations in the Amended Complaint are sufficient to serve as a basis for a claim for retaliation. Nonetheless, the Court notes that the combination of excluding a person from performing her job duties, co-workers labeling the employee a problem based upon the employee filing a complaint with the EEOC or initiating litigation, and a disciplinary write-up might discourage an employee from engaging in protected activity and could amount to an adverse employment action for purposes of a retaliation claim. *See Engler v. Harris Corp.*, 2012 WL 3745710, at *9 (D.Md. Aug. 28, 2012); *see also Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 243-44 (4th Cir. 1997) (suggesting that calculated effort on part of co-workers to create "unreasonably harsh conditions" causing employee to resign might support retaliation claim but ultimately holding that employee's allegation did not rise to that level).

Granting Plaintiff leave to file a second amended complaint for the purposes of including a claim for relief under Title VII for retaliation is supported by the interests of justice and will not prejudice Defendant. Although the period for discovery already closed and this matter is nearing trial, Defendant will not be prejudiced such an amendment because (1) Plaintiff's interrogatory answers alerted Defendant to the potential of a claim for retaliation; (2) Defendant explored the factual underpinnings of Plaintiff's retaliation claim during Plaintiff's deposition; and (3) the evidence Plaintiff is likely to present in support of a retaliation claim would almost certainly be relevant to her existing hostile work environment claim and is, therefore, admissible at trial regardless of whether Plaintiff is permitted to add a claim for retaliation. Furthermore, Defendant's efforts at the summary judgment stage to obtain the dismissal of any retaliation claim based on Plaintiff's alleged failure to exhaust her administrative remedies demonstrates that Defendant believed Plaintiff might have raised a claim for retaliation. Finally, a Title VII claim based on retaliation does not present a novel legal theory requiring an extensive amount of time to prepare for trial and Defendant's supplemental briefing demonstrates that defense counsel is substantial familiar with the legal standards governing the viability of a retaliation claim. Accordingly, in an effort to avoid uncertainty as to the issues and claims likely to be presented to the jury in the impending trial, the Court, in accord with Plaintiff's argument in the alternative, **GRANTS** Plaintiff leave to file a second amended complaint so she may add a claim for relief under Title VII for retaliation.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT** Plaintiff shall have up to and including

7

March 22, 2017 to file a second amended complaint.[2]

Signed: March 15, 2017

Richard L. Voorhees
United States District Judge

---

[2] Because of the proximity of this deadline to the trial date in this matter, Plaintiff is advised that the Court will not grant any request to extend the March 22, 2017 deadline for her to file her second amended complaint. Furthermore, to assure that Defendant does not suffer any prejudice as a result of any amendment and to avoid any need to continue the trial in this matter, upon Plaintiff's filing of her second amended complaint, the Court will *sua sponte* review the complaint to determine if the complaint contains any factual allegations beyond those facts touched upon in the discovery materials already provided to the Court. Should Plaintiff's second amended complaint contain factual allegations beyond those facts touched upon in the discovery materials, the Court will *sua sponte* order that discovery be reopened for two weeks for the limited purpose of permitting Defendant to further inquire about Plaintiff's retaliation claim through additional interrogatories or a second deposition. *See* Fed. R. Civ. P. 16(b)(4); *see also Wall v. Fruehauf Trailer Serv., Inc.*, 123 F. App'x 572, 576-77 (4th Cir. 2005) (finding no abuse of discretion where district court not only permitted plaintiff to amend complaint by adding a new claim for relief based on facts already discovered but also reopened discovery to permit defendant an opportunity to conduct a second deposition of plaintiff).