IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:15-CV-00075-RLV-DCK

| | |
|---|---|
| AMBER A. TRIPLETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>NORTH CAROLINA DEPARTMENT OF )<br>PUBLIC SAFETY, )<br>)<br>)<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Court's *sua sponte* review of Plaintiff's Second Amended Complaint relative to issue of reopening discovery and consistent with this Court's March 15, 2017 order permitting Plaintiff to file a Second Amended Complaint. (Doc. 35 at 7-8 n.2). Having reviewed the Second Amended Complaint, the Court concludes that the Second Amended Complaint includes new factual allegations neither alleged in Plaintiff's First Amended Complaint nor adequately touched upon in the discovery materials provided to the Court—primarily that Defendant terminated Plaintiff in retaliation for her complaints of discrimination. (*See* Doc. 36 at 8). Accordingly, the Court finds that good cause exists, for purpose of Fed. R. Civ. P. 16, to reopen discovery for a period of two weeks from the date of this order to permit Defendant an opportunity to explore the full extent of Plaintiff's retaliation claim. If Defendant so chooses to engage in further discovery, it may do so through *either* a second set of

interrogatories *or* a second deposition of Plaintiff.[1]  Discovery, however, shall be limited to the factual allegations underlying Plaintiff's retaliation claim.

**IT IS, THEREFORE, ORDERED THAT** the Pretrial Order and Case Management Plan (Doc. 10) is **AMENDED** to permit Defendant to have up to and including April 6, 2017, to conduct additional discovery in a manner consistent with this order.[2]

Signed: March 22, 2017

*[signature]*

Richard L. Voorhees
United States District Judge

---

[1] If Defendant engages in further discovery, the Court will entertain a motion to shift all, or part, of the costs associated with the additional discovery onto Plaintiff. *See Wall v. Fruehauf Trailer Serv., Inc.*, 123 F. App'x 572, 576-77 (4th Cir. 2005) (noting district court decision to shift discovery costs, in an effort to avoid prejudice to defendant, where court permitted plaintiff to file an amended complaint after the close of discovery, thus, resulting in the reopening of discovery).

[2] The parties may consent to an extension of the April 6, 2017 deadline to complete discovery so long as any such extension expires not later than ten days prior to start of this Court's May 1, 2017 trial term.  The parties are further advised that the Court is unlikely to grant any request to continue trial from this Court's trial term starting May 1, 2017.