**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO. 5:15-CV-00075-RLV-DCK**

| | |
|---|---|
| AMBER A. TRIPLETT**,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     **ORDER** |
| NORTH CAROLINA DEPARTMENT OF | ) |
| PUBLIC SAFETY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

       **THIS MATTER IS BEFORE THE COURT** on Plaintiff Amber A. Triplett's Motion for Attorney Fees and Costs (Doc. 73). The parties have filed their respective briefs (Docs. 74, 76, 79) and this matter is ripe for disposition. For the reasons stated below, Plaintiff's Motion for Attorney Fees and Costs is **GRANTED WITH MODIFICATION**.

## I.    BACKGROUND

       Plaintiff raised claims for sexual harassment/hostile work environment and for retaliation, both under Title VII. Throughout this litigation, Plaintiff was represented by Geraldine Sumter of Ferguson, Chambers & Sumter, P.A. in Charlotte, North Carolina. After a six-day trial, a jury returned a verdict in favor of Plaintiff on her sexual harassment/hostile work environment claim and awarding her $10,000.00 in compensatory damages. (Doc. 71). The jury, however, found that Plaintiff did not prove the elements of her retaliation claim. *Id.* Plaintiff filed the pending post-trial motion for attorney fees and costs pursuant to 42 U.S.C. § 2000e-5(k). (Doc. 73). In her motion, Plaintiff seeks (1) $130,972.50 in attorney fees based on 241.20 hours of attorney work at $400.00 an hour and 255.5 hours of legal assistant, law intern, and paralegal work at $135.00 an

hour;[1] (2) $3,913.66 in litigation costs; and (3) $1,107.40 in costs incurred by Plaintiff related to her appearance at depositions and at trial and related to her meetings with Sumter in Charlotte. (Doc. 74). Defendant raises a slew of objections to Plaintiff's requested attorney fees and costs: (1) Plaintiff is only entitled to recover 50% of the requested fee where she did not prevail on her retaliation claim; (2) the proposed hourly rates for Sumter and for Sumter's legal assistants, paralegals, and law intern are unreasonable; (3) the time entries in support of the motion use block billing, contain entries for background research, contain entries for travel time, contain entries for clerical tasks, and contain entries for excessive amounts of time; (4) the law intern's time is not recoverable to the extent that his work did not meaningfully contribute to the jury verdict; (5) Plaintiff's request for $1,610.47 in copying costs is unreasonable; (6) Plaintiff's request for $1,781.26 in hotel costs is unreasonable; and (7) no authority supports compensating Plaintiff for the expenses she incurred related to the litigation. (Doc. 76). In total, Defendant argues that Plaintiff is entitled to a base award of attorney fees and costs of $39,667.50, which Defendant further argues should be reduced by the aforementioned 50% down to a total award of $19,833.75. *Id.* at 24.

## II.    ANALYSIS

It is within the discretion of a court to award a prevailing party in a Title VII action her reasonable attorney's fees and costs. 42 U.S.C. § 2000e-5(k). The burden is on a party requesting fees and costs to demonstrate, by clear and convincing evidence, that the fees and costs requested are reasonable. *EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 572 (E.D. Va. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987));

---

[1] Plaintiff's Motion requests $132.332.50 in fees but Plaintiff has since acknowledged that 3.4 hours of attorney time for preparing a response to a motion to dismiss was incorrectly included in her motion for fees and costs and has withdrawn her request for compensation for the 3.4 hours. (Doc. 79 at 4).

*see also Bland v. Fairfax Cty.*, 2011 WL 5330782, at *3 (E.D. Va. Nov. 7, 2011). "In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In performing this reasonableness assessment, a district court should look to the twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243-44 (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting twelve factors from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)) (factors typically referred to as the "*Johnson* factors"). "After determining the lodestar figure, the court should subtract fees for hours spent on unsuccessful claims unrelated to successful ones" and must then "award[] some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* at 244 (internal quotation marks omitted). "However, . . . a plaintiff's complaint 'cannot be viewed as a series of discrete claims' if the claims 'involve a common core of facts or are based on related legal theories.'" *Marsal v. E. Carolina Univ.*, 2012 WL 3283435, at *6 (E.D.N.C. Aug. 10, 2012) (brackets omitted) (quoting *Hensley*, 461 U.S. at 435).

A.    Reasonable Hourly Fees

A Plaintiff must "furnish specific support for the hourly rate[s] [she] proposes." *Nutri/System*, 685 F. Supp. at 573. A court must consider the "prevailing market rates in the relevant community" when determining what a reasonable hourly fee is in a given case. *Rum*

*Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984).   "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits," however, "[i]n circumstances where it is reasonable to retain attorneys from other communities . . . the rates in those communities may also be considered." *Id.*  "Typically, a reasonable hourly rate is established by affidavits from lawyers with first-hand knowledge of the prevailing community rate in comparable cases for counsel with similar qualifications." *Nutri/System*, 685. F. Supp. at 573. Finally, in determining the reasonable hourly rate in a given case, a court may look toward the *Johnson* factors, specifically factors three, five, nine, and twelve. *See Alexander S.*, 929 F. Supp. at 936-38 (considering *Johnson* factors three, four five, eight, nine, ten, eleven, and twelve when determining reasonable hourly rate).

     i.  *Sumter's Hourly Rate*

   Plaintiff seeks an hourly rate of $400.00 for Sumter's reasonable time in this matter.  In support of this requested hourly rate, Sumter proffers affidavits from three local attorneys familiar with Sumter's work and with hourly rates for legal work in the field of employment law.  (Doc. 74 at 28-35).  Of the three attorneys, one attests that "$400.00 an hour, is well within what is normal for the market for someone with [Sumter's] knowledge, expertise, and experience" while two attest that the market rate in Charlotte for employment law work by an attorney with Sumter's experience ranges from $375.00 to $800.00 per hour.[2]  *Id.* at 30, 32, 34.  Plaintiff also offers an affidavit from Sumter, in which Sumter attests that her "hourly rate is $400 per hour" and that she charges that rate for "non-litigation employment matters." *Id.* at 17.  This Court finds that these

---

[2] Although Plaintiff filed this case in the Statesville Division, the Court finds that Plaintiff acted reasonably by hiring counsel based in Charlotte.

affidavits, coupled with this Court's knowledge of local hourly rates, establish that a fee of $400.00 per hour for Sumter's time is reasonable.[3]

        ii.    *Legal Assistant and Paralegal Hourly Rate*

Plaintiff seeks an hourly rate of $135.00 for legal assistant and paralegal time. Plaintiff relies on the same three attorney affidavits in support of the proposition that the requested $135.00 per hour is consistent with market rates in Charlotte, as well as Sumter's affidavit that her firm typically charges $135.00 per hour for paralegal work. *Id.* at 18, 30, 32, 34. Defendant objects to the $135.00 an hour rate, citing *Dyer* and arguing that the $135.00 rate far exceeds the hourly rate seasoned court law clerks receive. (Doc. 76 at 9). Based on this Court's experience, a rate of $135.00 per hour is consistent with the market rate in Charlotte. Furthermore, this Court declines to adopt the reasoning advanced in *Dyer.* First, while it is true that the charged hourly rate well exceeds the hourly rate of court law clerks, the hourly rate law clerks receive does not capture the prestige and post-law clerk employment benefits that motivate individuals to serve as a law clerk to a federal judge. Second, while paralegals do not have the same legal education as law clerks, they often have considerable experience with discreet issues in the discovery process as well as with drafting and filing routine motions such that paralegals are often more prepared to handle certain issues. As a result, paralegals, if assigned appropriate tasks, may considerably reduce total legal fees even when their time is billed at a rate of $135.00 an hour.

---

[3] Defendant's reliance on *Dyer v. City of Gastonia*, 2016 WL 4443190 (W.D.N.C. Aug. 19, 2016) for the proposition that a rate of $295.00 is reasonable is not well taken. Notably, the attorney in *Dyer* only requested $295.00 per hour such that there is no telling whether the Court in *Dyer* would have found a higher hourly rate reasonable. *See Dyer*, 2016 WL 4443190, at *2. *Dyer* is also distinguishable as it is not apparent that counsel in *Dyer* was employed by a firm with the same stature and reputation as Sumter's firm. Separately, Defendant's argument that Sumter did not specify her hourly rate for litigation of employment law cases is also not well taken as the majority of Plaintiff litigation in employment law is done on contingency or yields fees through statutory fee-shifting schemes.

### iii. *Legal Intern/Law Student Hourly Rate*

Plaintiff also seeks an hourly rate of $135.00 for work performed by legal intern/law student Spencer Woodstock.  To support this hourly rate, Plaintiff relies on the same evidence that she cites for the hourly rate for paralegals and legal assistants.  (Doc. 74 at 18, 30, 32, 34).  Defendant argues that a rate of $75.00 is more appropriate.  (Doc. 76).  Here, this Court concurs with Defendant with respect to the request rate being unreasonable and will lower the rate to the level requested by Defendant.  Notably, law interns neither have the full training of law graduate nor the experience of a paralegal.  Furthermore, it is not apparent that a firm faces the same financial outlay and overhead burden relative to the employment of law student interns such that billing at the same hourly rate as paralegals and legal assistants would provide Plaintiff, and in turn the recovering lawyer and law firm, a windfall.  *Cf. Hensley*, 461 U.S. at 430 (noting that properly calculated attorney fees should be "adequate to attract competent counsel, but . . . do not produce windfalls to attorneys").

### B.  Reasonable Hours Expended

A court should not automatically accept the hours requested by counsel as reasonable and, instead, must review each hour entry for reasonableness, excluding those "hours which it finds 'excessive, redundant or otherwise unnecessary.'"  *Alexander S. by & through Bowers v. Boyd*, 929 F. Supp. 925, 928 (D.S.C. 1995) (quoting *Hensley*, 461 U.S. at 434.  In considering whether a given requested hour entry is reasonable, a court may consider the first two *Johnson* factors— the time and labor expended and the novelty and difficulty of the questions raised.  *Id.* at 939.  "[H]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."  *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980).

"Proper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks. Fee claimants must submit documentation that reflects reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity." *Nutri/System, Inc.*, 685 F. Supp. at 573. "The information supplied must be sufficient to permit the trial judge to 'weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities.'" *Id.* (quoting *Johnson*, 488 F.2d at 717). Only properly documented hours will permit a district court to accurately exclude "'hours that were not reasonably expended.'" *Id.* (quoting *Hensley*, 461 U.S. at 433). Finally, "[i]nadequate documentation is a basis for reducing or denying a fee award." *Id.* (citing *Hensley*, 461 U.S. at 433).

i. *Sumter's Hours*

Attorney Sumter alleges that she performed 241.2 hours of work on this matter during her over three years of representing Plaintiff. Defendant objects to thirty of Sumter's time entries and seek to reduce Sumter's hour total by 122.8 hours to a total of 118.4 hours. (*See* Doc. 76 at 18-21). In so objecting, Defendant argues that (1) many of Sumter's entries are "vague," (2) Sumter engaged in "block billing," (3) some of Sumter's entries are unrelated to the result or relate to the unsuccessful retaliation claim, (4) some of Sumter's entries are excessive, and (5) Sumter's hour log includes entries for noncompensable time for background research, travel, and clerical tasks. *See id.* In reply, Plaintiff admits that some of Sumter's entries constitute "block billing" and suggests that the proper remedy is to reduce Sumter's hours by ten percent. (Doc. 79 at 4-5). Plaintiff, however, challenges the remainder of Defendant's arguments. *Id.* at 5-10. Before considering each of Defendant's thirty objections, the Court will provide a general analysis on Defendant's block billing, unrelated to result/related to unsuccessful retaliation claim, and

noncompensable time arguments, which Defendant advances across several of its specific objections.

a.     Block Billing

The practice of "block billing" involves listing multiple tasks within a single time entry. This practice is problematic because it does not provide the district court with a clear sense of how many hours were performed on a particular task because multiple tasks are lopped into a single block of hours. In lopping multiple tasks into a single time entry, counsel's time records frustrate a court's attempt to review whether an attorney's hours on a given task were reasonable versus excessive. Courts faced with block billing entries typically, as Plaintiff suggests, reduce, by a given percentage, the total time requested or reduce the individual time entries infected by block billing. *See Denton v. PennyMac Loan Servs., LLC*, ___ F. Supp. 3d ___, 2017 WL 2113138, at *14-15 (E.D. Va. May 15, 2017) (noting that "[t]he traditional remedy for block billing is to reduced the fee by a fixed percentage reduction" and reducing total hours by 10%); *Lusk v. Virginia Panel Corp.*, 96 F. Supp. 3d 573, 583 (W.D. Va. 2015) (reducing overall fee by 5% for block billing); *McAfee v. Boczar*, 2012 WL 6623038, at *2 (E.D. Va. Dec. 19, 2012) (reducing block billing entry by 10%), *aff'd* 738 F.3d 81, 90-91 (4th Cir. 2013); *Wolfe v. Green*, 2010 WL 3809857, at *8 (S.D.W. Va. Sept. 24, 2010) (collecting cases applying 10% or 15% reduction for block billing and opting to apply 10% reduction for block billing where hours did not appear facially unreasonable).

Here, this Court concludes that a reduction of 10% is appropriate for those entries that include block billing in a manner that frustrates reasonableness review. Although a greater reduction might otherwise have been warranted, as argued by Plaintiff, Sumter's request for attorney fees does not include any entries for several key and time consuming entries such as

preparing Plaintiff's trial brief and proposed jury instructions. (*See* Doc. 74 at 23-24). Furthermore, the block billing in this case, for the most part, does not significantly hinder the Court's ability to assess the reasonableness of Sumter's listed hours because the grouped tasks are typically related to a single topic or issue and are the type of tasks that an attorney might perform during a single sitting. Finally, the overall hours expended do not appear facially unreasonable. Accordingly, absent a contrary reason appearing relative to a specific entry, this Court will reduce time entries infected by block billing by 10%.

b.      Entries Unrelated to Result or Related to Retaliation Claim

As previously noted, the process for excluding hours related to unsuccessful claims is two-fold. First, a Court must exclude those hours spent on unsuccessful claims *unrelated* to the successful claim. *Robinson*, 560 F.3d at 243-44; *Marsal*, 2012 WL 3283435, at *6. Then a court considers the plaintiff's success on all related claims and reduces the overall fee depending on the degree of success. *Robinson*, 560 F.3d at 243-44; *Marsahl*, 2012 WL 3283435, at *6. Here, Plaintiff raised two claims, one for sexual harassment/hostile work environment and one for retaliation. As noted numerous times by this Court during motions practice, Plaintiff's two claims revolved around the same set of facts, allegations, and evidence, and the time period encompassing the retaliation claim fell entirely within the larger time period encompassing the sexual harassment/hostile work environment claim. Accordingly, Plaintiff's two claims were related and any reduction to the lodestar based on time spent by counsel on the retaliation claim should be addressed as part of the assessment of Plaintiff's success in the litigation after determining the reasonable number of hours spent rather than as part of the initial determination of which requested hours are reasonable.

c. Background Research, Travel Time, Clerical Tasks

As to background research, "'time spent maintaining competency to practice law is part of the cost of doing business' and is not compensable." *Certain v. Potter*, 330 F. Supp. 2d 576, 582 (M.D.N.C. 2004) (quoting *Castle v. Bentsen*, 872 F. Supp. 1062, 1067 (D.D.C. 1995)). "However, there is no per se rule that research time is never compensable" and "counsel are not forbidden from receiving fees for background research if the research is (1) relevant and (2) reasonable in terms of time for the scope and complexity of the litigation." *Id.* at 583 (internal quotation marks omitted). Furthermore, "where the movant has satisfied the Court that experienced, skilled counsel have conducted relevant legal research in good faith, the number of allowable hours in the lodestar computation will not be reduced absent a showing of specific grounds." *Id.* (quoting *Wileman v. Frank*, 780 F. Supp. 1063 (D. Md. 1991)). The complexity of the issues involved in a given case will impact the compensability for background research. *Sugarman v. Village of Chester*, 213 F. Supp. 2d 304, 311 (S.D.N.Y. 2002).

While this Court will address each of Defendant's objections based on background research individually, the Court notes that this case involved a complicated theory of liability based on the conduct of third-party inmates housed in a segregation unit of a close custody facility and on Defendant's failure to take prompt remedial action in response to the inmates' actions. Furthermore, the Court asked for supplemental briefing on several discreet issues during the course of motion practice in this case. Accordingly, some degree of background research in excess of what might be expected in a typical Title VII case was required and compensation for such is reasonable.

As to travel time, "[w]hen a lawyer travels for one client [s]he incurs an opportunity cost that is equal to the fee [s]he would have charged that or another client if [s]he had not been

traveling." *Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984). "Travel is often a necessary incident of litigation, and an attorney's travel time may be reimbursed in a fee award. *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 15 (1st Cir. 2011). So long as the travel underlying the requested compensation was necessary, "to award nothing for travel time . . . would be unreasonable." *Henry*, 738 F.2d at 194. To this end, in some circuits, there exists a presumption "that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time." *Id.*, *see also Wayne v. Village of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994) (noting that "time spent traveling[] is fully compensable"); *but see Hutchinson*, 636 F.3d at 15 (suggesting that travel time should be compensated at a reduced rate). Furthermore, the issue of the rate at which travel time should be compensated is an issue that a district court has discretion over given its "greater familiarity with local practice." *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Here this Court concludes that Sumter is entitled to recover for her reasonable travel time and that her reasonable travel time should be compensated at her normal, reasonable hourly rate. In support of this conclusion, this Court notes that counsel appointed to represent indigent clients in this district receive compensation for travel time at their normal hourly rate.

As to billing for clerical tasks, clerical tasks include filing documents, preparing and serving summons, and filing and organizing client papers. *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (collecting published cases). A district court does not abuse its discretion by determining that requested hours are excessive where they include numerous requests for clerical tasks. *Doe v. Kidd*, 656 F. App'x 643, 656 (4th Cir. 2016). Many clerical tasks should be subsumed in a law firm's overhead, rather than billed even at a firm's rate for paralegal work, because the most basic of clerical tasks—filing, transcription, and document organization—are part of the cost of doing business. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).

Where a court is faced with a request for attorney fees that includes clerical tasks, it is appropriate for the Court to compensate the attorney at a lower rate. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (citing *Johnson*, 488 F.2d at 717); *but see Baker v. D.C. Pub. Sch.*, 815 F. Supp. 2d 102, 109 (D.D.C. 2011) (holding that purely clerical tasks are not reimbursable but that "certain *de minimis* clerical tasks may be reimbursable if they cannot be separated from legal activities"). Here, this Court will keep the limitations on clerical tasks in mind when reviewing each objection based on the clerical nature of the task and either disallow compensation or limit compensation to a rate of $50.00 per hour.

d.      Defendant's Specific Objections to Sumter's Hours

First, Defendant objects to Sumter's request for 0.3 hours for her time during the initial attorney's conference (IAC) on the grounds that the entry is vague and unrelated to the result. (Doc. 76 at 18). Pursuant to Local Rule 16.1, counsel for both parties were required to conduct an IAC and formulate a proposed discovery plan. The record shows that counsel for both parties did so and that Sumter filed the certification of the IAC. (Doc. 9). Accordingly, Sumter's time for the IAC is essential to the litigation and is reasonable and Defendant's objection to this entry is entirely baseless.

Third,[4] Defendant objects to Sumter's request for 4.0 hours for her time responding to Defendant's motion to compel discovery on the grounds that the request includes block billing and is excessive. (Doc. 76 at 19). Defendant proposes reducing this entry to 1.0 hours. *Id.* In reply, Plaintiff argues that the "discovery responses included an 18 page document which addressed in more specificity the categorization of over 600 pages of documents." (Doc. 79 at 7).[5] It is true

---

[4] Defendant's second objection dealt with the time entry regarding the response to a motion to dismiss, which Plaintiff conceeds was listed in error.

[5] Plaintiff's Reply incorrectly identifies the date of the entry at issue as June 29, 2016, whereas the correct date is June 19, 2016. (*Compare* Doc. 74 at 21, *with* Doc. 79 at 7).

that a one-page, six-sentence response that recites events relative to the discovery process and does not cite any case law would not entail 4.00 hours of attorney time. (*See* Doc. 12). However, drafting an eighteen page response could easily take 4.0 hours of attorney. Accordingly, while this entry suffers from some degree of block billing, the entry is not unreasonable and will only be reduced by the 10% figure previously identified for the purpose of addressing block billing. Therefore, the entry is reduced from 4.0 hours to 3.6 hours.

Fourth, Defendant objects to Sumter's request for 0.3 hours to receive and review a letter form the EEOC and to draft a letter to Plaintiff on the grounds that this entry constitutes block billing and is related to the unsuccessful retaliation claim. (Doc. 76 at 19). To the extent this entry might be viewed as block billing, the combination of tasks does not inhibit this Court's reasonableness assessment given the relatively short amount of time Sumter spent on the two tasks. Furthermore, as previously discussed, Plaintiff's retaliation claim, although unsuccessful, was related to her successful sexual harassment/hostile work environment claim such that any reduction for time spent on the retaliation claim will be taken at the end as a percentage of the total reasonable hours. Accordingly, Defendant's fourth objection is overruled.

Fifth, Defendant objects to Sumter's request for 0.8 hours for "review file, telephone to opposing counsel, email to attorney, research retaliation issue" on the grounds that the entry constitutes block billing, includes noncompensable background research, and is related to the unsuccessful retaliation claim. (Doc. 76 at 19). Although addressing other objections by Defendant based on noncompensable background research, Plaintiff's reply does not address this objection. (*See* Doc. 79 at 5-6). This Court concludes that the block billing inhibits meaningful review of the reasonableness of this entry. Furthermore, without any response from Plaintiff, it is difficult for this Court to determine if the research at issue was background research or research

essential to a specific issue in this matter.  At best, the Court can surmise that given the early stage of the matter at the time of this entry, it is likely that the research was more of the background nature.  In any event, Plaintiff has not met her burden of showing that compensation for the research is reasonable.  Therefore, the Court will reduce the entry from 0.8 hours to 0.3 hours to account for the block billing and to research time.

Sixth, Defendant objects to Sumter's request for 6.0 hours for deposition preparation on the ground that the entry is excessive where the deposition only lasted for 3.5 hours.  (Doc. 76 at 19).  Defendant urges this Court to reduce the entry to 3.0 hours.  *Id.*  While Sumter's time considerably exceeded the actual time of the deposition, this is hardly surprising as Sumter needed to prepare her client for a far wider array of questions than those necessarily asked.  Furthermore, given the high volume of documents in this case—namely the incident reports completed by Plaintiff and some of her fellow prison nurses—a deposition preparation time of 6.0 hours is reasonable.  Therefore, Defendant's sixth objection is overruled.

Seventh, Defendant objects to Sumter's request for 12.0 hours for traveling to and appearing at Plaintiff's first deposition on the grounds that the time requested is excessive where the deposition only lasted 3.5 hours and that travel time is not compensable.  (Doc. 76 at 19). Defendant urges this Court to reduce the entry to 5.0 hours.  *Id.*  Plaintiff argues that travel time is compensable and that some of the time listed included conferring with Plaintiff outside the deposition time.  (Doc. 79 at 9).  As previously noted, this Court will permit compensation for travel time at Sumter's normal reasonable hourly rate.  That said, even accounting for Sumter's travel, the entry is unreasonable.  Notably, the deposition occurred in Raleigh, North Carolina, (*see* Doc. 74 at 36), which is approximately 2.5 hours from Charlotte.  Accounting for travel time both

ways, time conferring with Plaintiff, and the 3.5 hour deposition time, this Court finds that only 10 hours of time for the deposition is reasonable and reduces the entry accordingly.

Eighth, Defendant objects to Sumter's entry for 0.5 hours for filing final protective order on the ground that the task of filing an order is clerical. (Doc. 76). Plaintiff's Reply does not contain a specific defense of this time entry. (*See* Doc. 79). In accordance with the aforementioned discussion of compensation for clerical tasks, the Court will sustain Defendant's objection to this entry and disallow compensation on the entry because the entry, as listed, is for work that is purely clerical in nature.

Ninth, Defendant objects to Sumter's entry for 2.3 hours for researching continuing violation and timeliness issue on the ground that this is background research. (Doc. 76 at 19). This research occurred in response to Defendant's summary judgment argument that Plaintiff's claims were timebarred and the research was essential to Plaintiff's response to Defendant's motion for summary judgment. (*See* Doc. 18). Accordingly, the research was not general background research meant to maintain only a general competency of law.[6] Therefore, Defendant's objection is overruled.

Tenth, Defendant objects to Sumter's entry for 3.4 hours for drafting and editing draft of brief and researching remedial action on the grounds that the entry contains block billing and is for noncompensable background research. (Doc. 76 at 19). Like with the preceding objection, the research was in direct response to arguments advanced in Defendant's motion for summary judgment and declines to categorize it as noncompensable background research. That said, the entry does contain block billing. In accord with this Court's early discussion of block billing, the Court will reduce the entry by 10%, from 3.4 hours to 3.06 hours.

---

[6] This Court further notes that 2.3 hours of research time is reasonable, especially in light of the incomplete statement of the law regarding the timeliness of retaliation claims in Defendant's motion for summary judgment.

Eleventh, Defendant objects to Sumter's entry for 0.6 hours for mediation preparation, case review for jury verdicts on the grounds that the entry contains block billing and that the entry involves noncompensable background research. (Doc. 76 at 19). Plaintiff argues that the research was necessary to "inform a Plaintiff of the range of possibilities of recovery, as well as the chances of recovery." (Doc. 79 at 6). This entry constitutes noncompensable background research as the likely results of a jury trial constitutes information that should be well known to a skilled and seasoned attorney such as Sumter and is, otherwise, part of maintaining a general competency of the law in a particular field of practice. Accordingly, Defendant's objection is sustained and compensation for this entry is disallowed.

Twelfth, Defendant objects to Sumter's entry for 6.0 hours for drafting and editing brief and reviewing laches issue on the ground that the entry includes block billing and no laches issues was involved in the brief at issue. (Doc. 76 at 19-20). Plaintiff's Reply does not contain a specific response to Defendant's objection. (*See* Doc. 79). As to the laches issue, this Court had already rejected Defendant's laches defense at the time of the brief at issue in this entry and the brief relative to this entry does not include any information relevant to the laches issue. (*See* Doc. 30). Nonetheless, the Court declines to strike Plaintiff's entry of hours in its entirety as this is Sumter's only entry for the eleven-page brief at issue. (*See* Doc. 74 at 21). Instead, this Court views the inclusion of the laches issue as a problematic example of block billing and imprecise record keeping. Because the use of block billing in this entry more significantly impairs this Court's ability to evaluate the entry for reasonableness than the average entry that contains block billing, the Court reduces the entry by 30% and finds that a total attorney time of 4.2 hours is reasonable given the quality, complexity, and length of the brief in question.

Thirteenth, Defendant objects to Sumter's entry for 0.7 hours for mediation preparation, jury verdict research on the grounds that then entry contains block billing and involves noncompensable background research. For the reasons stated in sustaining Defendant's eleventh objection, this Court also sustains Defendant's thirteenth objection and determines that the 0.7 hours are noncompensable background research.

Fourteenth, Defendant objects to Sumter's entry for 5.3 hours for preparing for and appearing at mediation on the grounds that the entry includes block billing and is excessive given that mediation lasted 2.7 hours.[7] (Doc. 76 at 20). Defendant urges this Court to reduce this entry to 2.7 hours. *Id.* In reply, Plaintiff contends that compensation beyond the exact duration of mediation is warranted as Sumter needed to prepare for mediation and to confer with Plaintiff before and after mediation. (Doc. 79 at 8). This Court agrees with Plaintiff, in part. Obviously some degree of preparation and consultation was required but the Court finds 2.6 hours of preparation and consultation to be excessive. Instead, an hour of preparation and consultation is at the outer limits of reasonableness where Plaintiff fails to specify the nature of preparation and consultation underlying this entry. Accordingly, this entry is reduced from 5.3 hours to 3.7 hours.[8]

Defendant's fifteenth through twenty-first objections involve Sumter's entries for a total of 52.6 hours for pre-trial preparation, research, travelling to Statesville for trial, and conferring with Plaintiff. (Doc. 76 at 20). Defendant argues that the entries for "trial preparation" are vague, that travel time is not compensable, that any research was noncompensable background research, and that several of the entries involve block billing. *Id.* Defendant urges this Court to reduce these

---

[7] Defendant describes mediation as featuring Plaintiff requesting $300,000.00 in damages, Defendant countering at $1,500.00, Plaintiff rejecting Defendant's offer, and mediation terminating. (Doc. 76 at 1). This Court is rather flummoxed as to how those limited events, assuming mediation was limited to the events described by Defendant, lasted for 2.7 hours.

[8] This Court declines to further reduce this entry for block billing as the two tasks are highly related and the imprecision of the entry is already reflected in this Court's reduction of the entry.

entries to a total of 6.0 hours. *Id.* Defendant's contention that only six hours of pre-trial preparation is reasonable and should be compensable is easily rejected where the trial spanned six days, featured numerous witnesses, and where Plaintiff supported her case with a plethora of documents. Furthermore, this Court rejects the notion that entries such as "trial preparation" are unduly vague as this Court has little trouble discerning the nature of Sumter's work during those hours. On the matter of travel, this Court has already concluded that travel is compensable. This Court further rejects Defendant's argument that pre-trial research is noncomepnsable where research is a natural part of responding to motions in limine, preparing proposed jury instructions, and preparing trial briefs—all items not specifically documented in Sumter's time entries. Finally, however, this Court does sustain Defendant's objection as to four of these entries that contain block billing and will reduce those four entries by the aforementioned 10%. As a result of this 10% reduction, Sumter's proposed 52.6 hours are reduced to 47.34 hours.

Defendant's twenty-second. Twenty-third, twenty-fourth, twenty-fifth, and twenty-eighth objections involve Sumter's entries for 77.7 hours during the days of trial. (Doc. 76 at 20-21). As Plaintiff argues, it is not unusual for a trial attorney to work 12+ hour days during trial. This is particularly true in this situation where Sumter's pre-trial preparation was well below that which the Court would have found reasonable. Accordingly, these objections of Defendant are overruled.

Defendant's twenty-sixth and twenty-seventh objections involve Sumter's entries for 12.0 hours of time for trial preparation on a weekend during the course of trial. (Doc. 76 at 21). Defendant argues that the entries are vague, contain block billing, and are for noncompensable travel time. Contrary to Defendant's contention, the entries do not contain block billing; but, instead, specify what type of trial preparation Sumter performed during those time blocks.

Furthermore, this Court has already concluded above that Sumter's travel time is compensable at her normal, reasonable hourly rate. Accordingly, Defendant's objections are overruled.

Defendant's twenty-ninth objection is to Sumter's entry for 3.0 hours for drafting and editing declarations for attorney fees and reviewing time entries on the ground that the entry contain block billing. As the entry does contain block billing, this Court will reduce the entry by the aforementioned 10%, resulting in a reduction from 3.0 hours to 2.7 hours.

Defendant's thirtieth objection is to Sumter's entry for 6.0 hours for reviewing and drafting motion for front and back pay, researching and finalizing declarations, talking with an attorney who provided an affidavit, and drafting and editing fee petition on the ground that the entry contains block billing and noncompensable research. This Court agrees with Defendant in part. The entry does contain block billing and will be subject to the aforementioned 10% reduction. However, the citations to law in the briefs on attorney fees and on forward and back pay are relevant to the issues at hand and does not merely represent research for maintaining only a general competency of law. Accordingly, this Court will only reduce the entry by 10% from 6.0 hours to 5.4 hours.

In sum, this Court reduces Sumter's requested hours by 14.6 hours, finding 226.6 hours to be reasonable. At the approved rate of $400.00 an hour, Sumter reasonable fees come to $90,640.00.

ii. *Paralegal Julia C. Hare's Hours*

Plaintiff requests 17.3 hours for work performed by paralegal Julia C. Hare. (Doc. 74 at 27). Defendant raises nine objections to Hare's time entries. (Doc. 76 at 16-17). Keeping in mind the earlier discussion regarding block billing, clerical work, and background research, this Court will address each objection in turn.

First, Defendant objects to Hare's entry for 5.0 hours for reviewing file, researching the Defendants, preparing the complaint, and filing the complaint and summons. *Id.* at 16. Defendants argue that this entry contains block billing and includes clerical tasks. *Id.* To the extent that the entry includes time for filing the complaint and summons, the entry does include a purely clerical task. Furthermore, because of the use of block billing, the Court is unable to determine what percentage of the entry is attributable to the filing of the complaint and summons. Accordingly, rather than reduce the entry by 10% for block billing, the entry will be reduced by 20% to account for both the block billing and the noncompensable purely clerical work within the entry. Therefore, the time entry is reduced from 5.0 hours to 4.0 hours.

Second, Defendant objects to Hare's entry for 0.5 hours to update file and to prepare pleadings file and pleadings index. *Id.* Defendant argues that the entry includes block billing and time spent on clerical tasks. This Court agrees with Defendant that the entirety of the entry is purely clerical in nature. Accordingly, the Court finds that compensation for this entry is not reasonable.

Third, Defendant objects to Hare's entry for 0.3 hours for writing a letter to Plaintiff, arguing that the entry is clerical in nature. *Id.* This Court finds no support in the law for the proposition that communications with a client constitute clerical work. Accordingly, Defendant's third objection is overruled.

Defendant's fourth, fifth, and sixth objections involve Hare's entries for a total of 3.0 hours for researching service of process, contacting an agency that performs service processing, conferring with Sumter, preparing the summons, and preparing the service of process documents. *Id.* Defendant argues that the entries employ block billing, include time spent on clerical tasks, and include time for noncompensable background research. Performing research on how to

effectuate service of process is part of maintaining a general competency of law as the requirements for service of process are generally uniform and unchanging. Accordingly, where Plaintiff does not provide any details regarding the nature of Hare's research during the time requested in this entry, Plaintiff has not sustained her burden of demonstrating that the time entries, as listed, are reasonable and compensable. Furthermore, the use of block billing in these entries considerably impairs this Court's ability to determine what percentage of the time spent during these entry was on research rather than on compensable tasks. In total, however, the Court concludes that 1.0 hours for the compensable tasks related to service of process is reasonable.

Defendant's seventh, eighth, and ninth objections involve Hare's entries for a total of 6.0 hours to review EEOC file and client materials, and work on Fed. R. Civ. P. 26 disclosures. *Id.* at 17. Defendant argues that the three entries include block billing, are excessive, and include time for clerical tasks. The Court agrees with Defendant to the extent that the entries do include block billing. The Court, however, rejects Defendant's contention that reviewing an EEOC file, reviewing materials provided by a client, or preparing Fed. R. Civ. P. 26 disclosures constitute clerical tasks. Furthermore, where the remaining entries in the time log submitted by Plaintiff only include 0.8 hours for work on the Fed. R. Civ. P. 26 disclosures, this Court concludes that the 6.0 hours objected to by Defendant are not excessive. Accordingly, the three time entries totaling 6.0 hours will be reduced by only 10% for the use of block billing.

In sum, the Court reduces Hare's entries by 4.1 hours, from 17.3 hours to 13.2 hours. At the previously approved rate of $135.00 an hour, Hare's reasonable and compensable entries total $1,782.00.

### iii. *Paralegal Vicky M. Reddy's Hours*

Plaintiff requests 18.5 hours for work performed by paralegal Vicky M. Reddy. (Doc. 74 at 27). Defendant raises six objections to Reddy's time entries. (Doc. 76 at 17-18). Keeping in mind the earlier discussion regarding block billing and clerical work, this Court will address each objection in turn.

First, Defendant objects to Reddy's entry for 4.0 hours to transcribe a tape recoding of Plaintiff's responses to Defendant's interrogatories, copy, redact, and scan documents, and bates stamp documents. *Id.* at 17. Defendant argues that this entry involves clerical tasks. *Id.* The Court agrees with Defendant that the entry is entirely clerical in nature and does not entail the skills that justify a rate of $135.00 per hour for paralegal work. That said, the tasks performed by Reddy are necessary to the representation of a client. Accordingly, the Court will reduce Reddy's hourly rate to $50.00 per hour for this entry and allow compensation in the amount of $200.00.

Second, Defendant objects to Reddy's entry for 2.0 hours for drafting and editing discovery. *Id.* Defendant argues that this entry involves clerical tasks. *Id.* The drafting and editing of discovery requests and answers, however, is far from a clerical task and is a task appropriate delegated to a paralegal. Accordingly, this Court overrules Defendant's objection.

Third, Defendant objects to Reddy's entry for 2.0 hours for drafting a letter to opposing counsel and for editing supplemental responses to interrogatories and requests for discovery. *Id.* at 18. Defendant argues that the entries include block billing and time spent on clerical tasks. Again, this Court agrees with Defendant in part. While the entries do include block billing, neither drafting a letter to opposing counsel nor editing interrogatory and discovery responses constitute clerical tasks. Therefore, this Court will reduce this time entry by only 10%, from 2.0 hours to 1.8 hours.

Fourth, Defendant objects to Reddy's entry for 4.5 hours for preparing an outline of Plaintiff's medical records.  *Id.*  Defendant argues that 4.5 hours is excessive given that the medical records were only 60 pages.  *Id.*  This Court rejects Defendant's argument.  Although not voluminous is size, medical records are not easily digestible to lawyers and, as pointed out by Plaintiff, research to fully understand the meaning of the records is necessary.  This is particularly true here where the medical records involved notes on Plaintiff's mental condition and provided much of the basis for Plaintiff's argument for compensatory damages.  Accordingly, this Court finds that 4.5 hours of paralegal time to review and summarize Plaintiff's medical records is reasonable.

Defendant's fifth and sixth objections are to Reddy's entries for a total of 6.0 hours to prepare two copies of exhibit notebooks and to prepare other documents for trial.  *Id.*  Defendant argues that these entries involve purely clerical tasks.  *Id.*  This Court agrees with Defendant, as no particular legal or paralegal training is necessary to assemble trial notebooks and arrange trial documents in a logical order.  Furthermore, given that the trial exhibits fit into a single notebook, this Court finds 6.0 hours of time to prepare copies of the exhibits excessive.  Accordingly, while this Court will permit compensation at the reduced rate of $50.00 per hour for clerical tasks, this Court finds that only 3.0 hours of time for this task is reasonable.  Therefore, compensation for this entry is limited to $150.00.

In sum, Reddy's hours compensable at the reasonable paralegal rate of $135.00 per hour are reduced by 10.2 hours from 18.5 hours to 8.3 hours.  Accordingly, Reddy's compensable paralegal work totals $1,120.50.  Additionally, Reddy's compensable clerical work amounts to 7.0 hours at the rate of $50.00 per hour for a total of $350.00.

iv.     *Legal Assistant Hours*

Plaintiff requests 50.8 hours for work performed by legal assistants. (Doc. 74 at 27). Defendant raises eight objections to time entries for the legal assistants. (Doc. 76 at 11-12). Keeping in mind the earlier discussion regarding block billing and clerical work, this Court will address each objection in turn.

Defendant's first and second objections involve time entries totaling 2.5 hours for preparing pre-trial disclosures, preparing issues for trial, and preparing letters to opposing counsel. *Id.* at 11. Defendant argues that the entries include block billing and time spent on clerical tasks. *Id.* This Court agrees that the entries include block billing but rejects Defendant's argument that the entries include time spent on clerical tasks. Preparing disclosures and materials submitted to opposing counsel are tasks that are part of litigation and are not purely clerical in nature. Accordingly, this Court will reduce the entry by only 10%, from 2.5 hours down to 2.25 hours.

Defendant's third objection is to an entry for 1.0 hours for letters to Plaintiff and to Assa Bell. *Id.* Defendant argues that this entry includes block billing and time spent on clerical tasks. *Id.* Plaintiff does not provide any specific response to Defendant's objection. (*See* Doc. 79). In failing to respond to Defendant's objection, Plaintiff leaves this Court without any information regarding who Assa Bell is or regarding the nature of the letters. Accordingly, while communications with a client are compensable, this Court lacks the necessary information to judge the reasonableness of the entry as a whole and will sustain Defendant's objection.

Defendant's remaining five objections are to entries totaling 46.3 hours for preparing trial exhibits.[9] (Doc. 76 at 11) Defendant argues that the entries are excessive and that they involve

---

[9] One of the five entries to which Defendant objects includes time for the preparation of supplemental discovery responses and a letter to opposing counsel. (*See* Doc. 76 at 11). Because the use of block billing prevents this Court from meaningfully separating time for those activities from time spent in that entry on the preparation of trial exhibits

time spent on clerical tasks. *Id.* This Court agrees on both accounts. First, while Plaintiff's exhibits were numerous and included a plethora of prison incident reports, the exhibits were not so extensive as to justify 46.3 hours of time, a total that amounts to roughly an hour per exhibit. Instead, having reviewed the trial exhibit notebook provided by Plaintiff, this Court concludes that 20 hours to prepare the trial notebooks is on the outer limits of reasonableness. Furthermore, preparing trial exhibits and trial notebooks, while essential to trying a case, is a clerical task that does not require any specific legal or paralegal training. Therefore, to the extent that this Court permits recovery for 20 hours of time, it does so at the reduced rate of $50.00 per hour for clerical work.

In sum, the legal assistant hours compensable at the reasonable rate of $135.00 per hour are reduced from the requested amount of 50.80 hours to 3.25 hours, for a total of $438.75. Additionally, this Court finds that $1,000.00 is reasonable for the clerical work performed by the legal assistants.

     v.    *Law Clerk/Student Intern Spencer Woodstock's Hours*

Plaintiff requests 168.9 hours for work performed by law clerk Spencer Woodstock, a second-year law student interning at Sumter's firm. (Doc. 74 at 27). Defendant raises twenty-four objections to Woodstock's time entries. (Doc. 76 at 12-14). Keeping in mind the earlier discussion regarding block billing, clerical work, and background research, this Court will address each objection in block based on the nature of Defendant's objections.

Included in Woodstock's hours are 29.2 hours dedicated solely to researching. Defendant argues that this research permitted Woodstock to get up to speed on precedents governing employment law and that compensation is not due for this background research. (Doc. 76 at 14-

_____
and because the tasks are not clearly connected or related, this Court will treat the entry as an entry for preparing documents for trial.

15).  Plaintiff merely responds that Woodstock provided "assistance in researching and drafting various documents that were filed with the Court."  (Doc. 79 at 10).  Plaintiff, however, provides no specifics regarding what research Woodstock performed and whether a law clerk or paralegal familiar with employment law would have needed to perform the research or could have completed the research tasks in less time.  (*See* Doc. 79).  Accordingly, it is impossible for this Court to determine whether the research time listed, or a percentage thereof, is reasonable and this Court concludes that Plaintiff has not sustained her burden of demonstrating the reasonableness of these 29.2 hours of time.

Also included in Woodstock's hours are 38.6 hours for a combination of researching, writing briefs, and editing briefs.  Defendant argues that these entries include block billing and time spent on noncompensable background research.  (Doc. 76 at 12-14).  This Court's aforementioned conclusion regarding Woodstock's time spent researching carries through, in part, to these entries.  However, to the extent that Woodstock drafted several briefs that were ultimately submitted to this Court, some of Woodstock's research time was necessary.  Because of the block billing and the lack of specificity in Woodstock's time entries and in Plaintiff's Reply, it is challenging for the Court to determine the specific number of reasonable hours.  Nonetheless, based on this Court's review of the briefs Woodstock worked on and on other time entries in the billing log relative to those briefs, this Court concludes that a total of 25.0 hours for these entries is reasonable.[10]

Next, Woodstock's entries include 12.2 hours for reviewing the case file and reviewing briefs submitted by Defendant.  Defendant argues the time relative to these entries was unnecessary and did not contribute to the jury verdict in favor of Plaintiff.  (Doc. 76 at 12-13).  As Woodstock

---

[10] In reaching this conclusion, this Court accounts for the use of block billing in these entries and does not further reduce the hours by 10%.

drafted briefs ultimately submitted to this Court, it follows that he needed to review the case file and review the briefs of Defendant to which Plaintiff was responding. Accordingly, this Court overrules Defendant's objections to these entries.

Finally, Woodstock's entries include 43.5 hours for attending the trial and traveling to the trial. Defendant argues that Woodstock's presence at the trial did not contribute to the result in a meaningful way. Here, this Court agrees with Defendant. While it was certain beneficial to Woodstock's educational pursuits to attend the trial, based on this Court's observations of Woodstock during the trial, it is not apparent that his presence significantly aided Sumter's litigation efforts. While court was in session, Woodstock primarily took on the role of an attentive observer and did not frequently consult with Sumter or Plaintiff. Accordingly, it is not apparent to this Court that Woodstock's presence in the courtroom sufficiently aided Plaintiff's cause so as to render compensation for his time at trial reasonable.

In sum, this Court reduces Woodstock's time entries by 86.3 hours, from 168.9 hours to 82.6 hours. At the aforementioned approved rate of $75.00 per hour for Woodstock's time, the reasonable fee for Woodstock's time amounts to $6,195.00.

C.    Application of *Johnson* Factors and Calculation of Final Reasonable Fee

Combining the figures from the above analysis results in a total base reasonable attorney fee of $101,526.25. This Court, however, finds two additional *Johnson* factors relevant to its final determination of a reasonable attorney fee.

i.    *The Amount in Controversy and Result Obtained*

Plaintiff did not obtain full success in this matter. First, Plaintiff did not prevail on her retaliation claim and a percentage reduction to account for Plaintiff's lack of success on the retaliation claim is appropriate. In determining the proper percentage reduction, the Court

acknowledges that (1) the retaliation claim was premised on the same facts and evidence as the sexual harassment/hostile work environment claim and (2) the retaliation claim was a secondary claim that was not fully pled until shortly before trial. These two considerations might suggest that a reduction of only 10% would sufficiently account for Plaintiff's lack of success on the related retaliation claim. However, because the retaliation claim was not initially properly pled, a full round of briefs in this case centered entirely on the ultimately unsuccessful retaliation claim. Thus, although only 10% of trial may have been devoted specifically to the retaliation claim, a much larger percentage of pre-trial litigation, and in turn pre-trial attorney hours, centered on the retaliation claim. Accordingly, this Court concludes that a 25% reduction to the overall fee for Plaintiff's lack of success on the retaliation claim is appropriate.

Second, the jury award on Plaintiff's sexual harassment/hostile work environment claim, while far more than nominal, can not be viewed as entirely successful given some of Plaintiff's allegations in support of compensatory damages, including Plaintiff's arguments regarding her medical evidence. Although the Court acknowledges that cases of this nature are often as much about a given plaintiff obtaining a favorable judgment against an offending defendant as they are about the specific damages award, an additional reduction of 10% based on the relatively low jury award is appropriate. Therefore, a 35% reduction based on the results Plaintiff obtained at trial is warranted.

ii.     *The Undesirability of the Case within the Legal Community*

Although the average Title VII cases is not inherently undesirable, the specific facts underlying this case do present an element of undesirability that warrant a modest upward adjustment. Notably, this litigation was centered on the conduct of segregation inmates in a close custody facility and success in the litigation required Plaintiff to demonstrate that the conduct of

the inmates could be imputed on the prison officials and Defendant. It is fair to say that a considerable majority of attorneys, even in the employment law field, would have declined a case of this nature because of the challenges it presented. To that point, it is also likely that Plaintiff's counsel's expectation of success at the outset of this litigation may not have been very high; yet, Plaintiff's counsel committed herself to this case at every step of the matter and ardently represented Plaintiff through to trial. Accordingly, based on the undesirability of this specific case, an upward adjustment of 5% is appropriate.

iii. *Final Reasonableness Assessment*

Accounting for the 35% reduction and the 5% upward adjustment, this Court will reduce the base reasonable fee of $101,526.25 by 30%. Accordingly, this Court concludes that a total attorney fee of $71,068.38 is reasonable.

D. <u>Attorney-Related Litigation Costs</u>

Plaintiff seeks $3,913.66 in attorney-related litigation costs, including charges for photcopying, mileage, postage, meals, hotels, and trial supplies. (Doc. 74 at 26). Defendant objects to Plaintiff's request for costs related to (1) photcopying, specifically an April 30, 2017 entry for $1,481.40; and (2) hotels during trial. (Doc. 76 at 23-24). In reply to Defendant's argument regarding the photocopying, Plaintiff indicates that the photocopying was necessary and that counsel was required to copy "various pleadings." (Doc. 79 at 12). Plaintiff, however, neither provides an estimate regarding the number of pages copied nor specifies the rate per page normally charged by the representing firm. *See id*. There is no disputing that costs related to copying are compensable where the copying is necessary to litigation and the costs are reasonable. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442 (4th Cir. 1999); *see also Certain*, 330 F. Supp. 2d at 591 ("Reasonable litigation expenses include such expenses as 'secretarial costs, copying, telephone

costs and necessary travel.'" (quoting *Trimper v. City of Norfolk, Va.*, 58 F.3d 68, 75 (4th Cir. 1995)). However, "[t]he burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge" and courts have declined to award compensation for copying charges where a party fails to provide a proper and discernable explanation for the copying charges. *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 444 (E.D. Va. 2011) (citing *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 563 (E.D. Va. 2010)). Here, Plaintiff's explanation for the significant photocopying costs is vague and does little to allow this Court to review the requested costs attributed to photocopying. Because some photocopying was undoubtedly required, this Court will reduced Plaintiff's April 30, 2017 photocopying costs to a total of $160, which equates to more than $0.05 cents per page for four trial binders based on the number of pages identified in Plaintiff's trial exhibit list. (*See* Doc. 62).

As for hotel costs, Plaintiff claims seven nights of lodging for Sumter and six nights of lodging for Woodstock. Based on a total request of $1,781.26 for hotels, Plaintiff's hotel fees equate to a cost of $137.02 per night. This amount is consistent with the typical rates for lodging of modest quality in the Statesville area and only slightly above the government rate available to court employees during trial. Furthermore, the Court finds the number of nights of lodging for Sumter reasonable. Although the trial spanned six days, the jury did not return its verdict until around 6:00pm on final day, after the deadline for cancelling reservations. Furthermore, where the jury deliberated at length and initially indicated that they were deadlocked, it was reasonable for Sumter to expect that deliberations might continue an extra day. Finally, to the extent that traffic between Charlotte and Statesville is unpredictable because of an ongoing construction project covering 20 miles of the interstate between the two cities, it was reasonable for Sumter to

travel to Statesville on the day before trial proceedings, and such is the practice of court staff. Accordingly, $959.14 in hotel costs for Sumter are reasonable and compensable.

On the other hand, based on this Court's earlier conclusion regarding Woodstock's attendance at trial, this Court finds that compensation for Woodstock's lodging would be unreasonable. Therefore, this Court reduces Plaintiff's requested costs for hotel lodging by $822.12. Combing this reduction with the previously disallowed costs for photocopying, Plaintiff's reasonable and substantiated attorney-related litigation costs total $1,770.14.

      E.     <u>Plaintiff's Own Costs Related to Litigation</u>

Plaintiff seeks to recover costs associated with her travel to meet with counsel, her travel to depositions and trial, and her meal expenses during trial. (*See* Doc. 74 at 36-37). Defendant objects to Plaintiff's request, arguing that no legal authority supports compensation for Plaintiff's personal costs. (Doc. 76 at 24). This Court concludes that Plaintiff has not supported her request for personal costs with adequate citation to legal authority permitting recovery for said costs. Notably, the only case Plaintiff cites in favor of her position is *Xiao-Yue Gu v. Hughes Stx Corp.*, 127 F. Supp. 2d 751, 770 (D. Md. 2001). (*See* Doc. 79 at 12-13). *Xiao-Yue Gue*, however, is easily distinguishable from the present situation as the defendant in that case did not contest the plaintiff's recovery of personal costs. *See Xiao-Yue Gu*, 127 F. Supp. 2d at 770. Accordingly, *Xiao-Yue Gue* did not reach the issue of whether recovery for personal costs is available.

**III.    DECRETAL**

      **IT IS, THEREFORE, ORDERED THAT**:

(1)    Plaintiff's Motion for Attorney Fees and Costs (Doc. 73) is **GRANTED WITH MODIFICATION**;

(2)     Plaintiff's reasonable, substantiated, and compensable attorney fees total $71,068.38; and

(3)     Plaintiff's reasonable, substantiated, and compensable costs total $1,770.14.


Signed: August 31, 2017

Richard L. Voorhees
United States District Judge